## Appeal of Buehler and Fairlamb.

A testator, after providing for the payment of his debts and bequeathing a portion of his estate to his widow, directed the residue to be equally divided among his children, of whom Robert was one, with this proviso—"that there shall be deducted from the share of each of my children to whom I may have made any advances, the amount of such advances." He afterwards revoked the devise to his son Robert by the following clause, in a codicil, to wit:

"I do hereby revoke the devise to my son, Robert M. Buehler, in my said will contained and set forth in the following words, so far as they affect my said son, to wit: 'And the rest, residue and remainder of my whole estate, real and personal, I give, devise and bequeath to such of my children as may be living at the time of my decease. I do hereby give, devise and bequeath the shares of my sons in my estate to them respectively, their heirs, executors, administrators and assigns forever.' And I do hereby give, devise and bequeath the share of my said son unto my daughter-in-law, Mary, the wife of my said son, Robert M. Buehler, to her and her heirs, executors, administrators and assigns forever, to and for her sole and separate use for the purpose of the support of herself and also for the support of her children; the same not to be any way whatsoever liable to the contracts, debts or engagements of her said husband, and not to be liable or subject in any way or manner whatsoever to his control or interference."

*Held*, that the codicil merely substituted the wife as legatee in place of her husband, but made no change in the method of determining such distributive share, and that therefore, the wife took her husband's share subject to advances made to him.

4 OUTERBRIDGE—25

[Appeal of Buehler and Fairlamb.]

April 20th 1882.    Before SHARSWOOD, C. J., MERCUR, GOR-
DON, TRUNKEY, STERRETT and GREEN, JJ.   PAXSON, J., absent.

APPEAL from the Orphans Court of *Montgomery county* :
Of January Term 1882, No. 428.

Appeal of George W. Buehler and Laura Fairlamb, heirs
and legatees of Martin Buehler, deceased, from a decree of the
said court distributing the balance in the hands of the executors
of the decedent.

The following were the material facts :—Martin Buehler, the
testator, died May 19th 1880, leaving a widow and six children.
By his will dated June 22nd 1868, after providing for the
payment of his debts and bequeathing a portion of his estate to
his widow, he provided, inter alia, as follows : " And the residue
and remainder of my whole estate, real and personal, I give
devise and bequeath to such of my children as may be living at
the time of my decease, and the issue of any of them then
deceased, in equal parts and shares, such issue taking only the
part or share to which his, her or their deceased parent would
have been entitled if living.   Provided, however, That as to the
shares of my said daughters, I give and devise the same to my
executors, hereinafter named, and the survivor of them, and the
heirs, executors, administrators and assigns of such survivor, or
such person or persons as may succeed them in said office. . . . . .
And provided further, That there shall be deducted from the
share of each of my children, to whom I may have made any
advances, the amount of such advances."

By a codicil dated April 22nd 1878, the testator made the
following provision in reference to the share of his son Robert :
I do hereby revoke the devise to my son, Robert M. Buehler,
in my said will contained, set forth in the following words, so
far as they affect my said son, to wit: 'And the rest, residue
and remainder of my whole estate, real and personal, I give,
devise and bequeath to such of my children as may be living at
the time of my decease. . . . . .  I do hereby give, devise and
bequeath the shares of my sons in my estate to them respectively,
their heirs, executors, administrators and assigns forever,' and I
do hereby give, devise, and bequeath the share of my said son
unto my daughter-in-law, Mary, the wife of my son, Robert M.
Buehler, to her and her heirs, executors, administrators and
assigns forever, to and for her sole and separate use, for the
purpose of the support of herself and also for the support of
her children, the same not to be in any way whatsoever liable to
the contracts, debts or engagements, of her said husband, and
not to be liable to or subject in any way or manner whatsoever
to his control or interference." . . . .

The will and codicil were duly proved, and letters testa-
mentary granted to the executors named therein; who filed an

account June 2nd 1881, exhibiting a balance due the estate of $13,856.26. The contention in this case arose upon the distribution of the share of Robert M. Buehler.

The auditor (B. E. Chain, Esq.) to whom the executors' account was referred for settlement and distribution, found that the advances to Robert amounted to $6,537, which was more than a full share of the fund for distribution; and under his construction of the will and codicil, he refused to distribute anything to Robert's wife, holding that while the codicil revoked the bequest to Robert, it did not annul the mode in which his share was to be determined, and that therefore the wife occupied the same position Robert would have occupied, had there been no codicil.

Exceptions filed to this finding of the auditor were sustained by the court below, Ross, P. J., delivering the opinion, on the ground that the evident intention of the testator was, to provide for the wife and children of his favorite son Robert; and that by the word "share" in the codicil he meant Robert's original share of the estate, without reference to the will, knowing that otherwise the widow and children would receive nothing.

The court, therefore, awarded $2,158.90 to Mary Buehler, which was equivalent to Robert's full share of the estate without deduction for advances made to him; whereupon the appellants George W. Buehler and Laura Fairlamb, children of the testator, took this appeal, assigning for error the decree of the court making the above award.

*Theo. W. Bean* and *George W. Thorn*, for appellants.—The effect of a codicil duly executed is to republish the will to which it refers, whether the codicil be annexed to the will or not: Neff's Appeal, 12 Wr. 501.

By the codicil this testator revokes the devise to his son Robert, this devise being a share in his estate as ascertained by deducting therefrom all advances made to him, and the clause of the will directing this equitable ascertainment of the shares of each of the children remains unaffected by the codicil or by any reasonable deduction therefrom. The share of Robert must be ascertained by the same rule under the will that each of the shares of the other children are; and this share, if anything, is by the terms of the codicil devised and bequeathed to Mary Buehler.

*II. K. Weand*, for appellee.—The testator intended to disinherit Robert, but how could he do so, if Robert's debts or advancements are first to be taken from his share? The words of the codicil show an intent to revoke the whole bequest to him, but the effect contended for by the appellants would be to

[Appeal of Buehler and Fairlamb.]

give him a larger amount than his share would otherwise be. The testator did not intend to benefit Robert, yet if the advances are deducted, he is doing so to that extent, by paying them at the expense of Mary.

The words " not be in any way whatsoever liable to the contracts, debts or engagements of her said husband," also throw light upon the testator's meaning. What debts? Not subsequent debts, for her share would be free from them. Being an absolute bequest she would hold it free from her husband's creditors. He meant debts due the estate, and the expression used is but another way of saying that he intended she should not be punished for her husband's misconduct : Bartholomew's Appeal, 25 P. F. S. 169, is directly in point.

Mr. Justice STERRETT delivered the opinion of the court, October 2d 1882.

After providing for the payment of his debts and beqeathing a portion of his estate to his widow, the testator, Martin Buehler, directed the residue of his estate to be equally divided among his children, of whom Robert M. Buehler was one, with this proviso, " that there shall be deducted from the share of each of my children, to whom I have made any advances, the amount of such advances." He afterwards revoked the devise to his son Robert by the following clause in the codicil, viz. : " I do hereby revoke the devise to my son Robert M. Buehler in my said will contained and set forth in the following words, so far as they affect my said son, to wit : ' And the rest, residue and remainder of my whole estate, real and personal, I give, devise and bequeath to such of my children as may be living at the time of my decease. I do hereby give, devise and bequeath the shares of my sons in my estate to them respectively, their heirs, executors, administrators and assigns forever.' " In the same connection he disposed of the share which Robert would otherwise have taken under his will, as follows, viz. : " And I do hereby give, devise and bequeath the share of my said son unto my daughter-in-law, Mary, the wife of my said son Robert M. Buehler, to her and her heirs," etc.

The question is whether, under this devise of Robert's share to his wife, she is entitled to a full share of the estate, unaffected by advancements made to him by the testator in his lifetime, or whether in ascertaining her distributive share the advancements so made are to be deducted as directed in the proviso above quoted. The learned auditor found that the advancements to Robert were in excess of a full share in the fund for distribution, and under his construction of the will and codicil thereto he refused to distribute anything to Robert's wife, holding that she was substituted legatee in place of her husband, and thus occu-

[Richards v. McGrath.]

pied the same position he would have done if the codicil had not been executed. The learned judge of the orphans' court adopted the opposite view of the question and held that her interest as legatee was unaffected by the proviso in relation to advancements.

The question thus presented is a very narrow one, and must be determined by the expressed intention of the testator as disclosed by his will. In the proviso above quoted he directs the manner in which the net share of each child shall be ascertained. He afterwards revokes the bequest to Robert as contained in the two sentences of his will quoted by him in the codicil, but he carefully avoids changing or annulling the mode in which the share of each child is to be ascertained. He then gives the share of his son Robert to his daughter-in-law. What then is the share of Robert, that is thus taken from him and given to his wife? It is the share that he would be entitled to if his wife had not been substituted as a legatee in his stead, and that is to be ascertained in the mode pointed out by the will. It follows that the first report of the learned auditor was correct and should have been confirmed.

Decree reversed at the cost of the appellees, and it is ordered that the record be remitted with instructions to distribute the fund according to the original report of the auditor.