## Cornelia M. Fry's Estate. Elizabeth F. Ridgway's Appeal.

*Will—Substitutional legacy—Codicil.*

Testatrix by her will bequeathed to each of her granddaughters, Mabel Ridgway and Cornelia Norris two thousand dollars "when they shall reach the age of twenty-one years respectively." Cornelia died in 1874, an infant about two years old. In 1883 testatrix added a codicil to her will whereby she declared, "I wish my granddaughter Edith Norris, to have two thousand dollars from my estate (the eldest daughter of Isabel F. Norris); I have left the same amount to Mabel Ridgway." Edith Norris was born subsequent to the death of Cornelia Norris, and at the date of the codicil was the eldest daughter of Mrs. Norris. *Held,* that the legacy to Edith was not substitutional of that to Cornelia, and that it was vested and presently payable, and not contingent upon her reaching the age of twenty-one years.

If two legacies of equal amount are bequeathed to the same person in the same instrument or in a will and codicil thereto, the second will be considered as substitutional unless it plainly appears that it was intended as cumulative. But there is no presumption that a legacy bequeathed in the codicil to one person is a substitute for a legacy of the same amount bequeathed in the will to another person nor does such a presumption arise from the mere fact that the legacy given in the will lapsed by the death of the legatee nine years before the codicil was written. By MR. JUSTICE McCOLLUM.

Argued Jan. 4, 1894. Appeal, No. 19, July T., 1893, from decree of O. C. Phila. Co., Oct. T., 1891, No. 588, dismissing exceptions to adjudication. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to adjudication of executors' account.

From the adjudication, by FERGUSON, J., it appeared that Cornelia M. Fry died Aug. 27, 1891, leaving a will executed in 1873, by which she provided as follows:

" 6. I further direct my said trustees to pay to my granddaughters Mabel Ridgway and Cornelia Norris the sum of two thousand dollars each when they shall reach the age of twenty-one years respectively and I hope they will devote five hundred dollars of said sum to the purchase of a tea service of silver to be kept in memory of their grandmother."

At this date Mabel Ridgway was five years old and Cornelia Norris was one year old. She was then the eldest daughter of Isabel F. Norris; she subsequently died. In 1878 Edith Norris was born and became the eldest daughter of Isabel F. Norris.

Subsequently testatrix executed the following 2d codicil:

" June 16, 1883. I wish my granddaughter Edith Norris to have two thousand dollars from my estate (the eldest daughter of Isabel F. Norris) I have left the same amount to Mabel Ridgway. I demand that this wish is carried out."

Further provisions of the will are as follows: In the second item, testatrix directs certain silver divided specifically between her two daughters. In the third item, she directs that all the rest of her silver plate " shall be divided into two parcels of equal pecuniary value," and gives one to each daughter. In the fourth item, she gives each daughter an equal part in her furniture, books, pictures, bronzes, china, and the rest of her household articles. In the fifth item, she directs that each daughter shall share, and share alike, in the residue of her estate. In the first codicil she directs her jewelry to be divided into two parts " and divided equally among my two daughters." In the third codicil she directs her children to pay a certain sum to her cook, and to pay it equally.

The auditing judge held that the bequest to Edith Norris was absolute in its terms with no restriction or limitation as to

the time for its payment.   He accordingly awarded the legacy
to Dr. Isaac Norris, guardian of the legatee.   Exceptions to the
adjudication were dismissed by a divided court, HANNA, P. J.,
filing an opinion in which FERGUSON, J., concurred; ASH-
MAN, J., filing a contrary opinion in which PENROSE, J., con-
curred.   Reported in 2 Dist. R. 426.

*Error assigned* was decree as above.  ·

*A. T. Freedley*, for appellant.—The decree of the court be-
low subverts the general scheme of disposition declared by
testatrix throughout her entire will: Pepper's Est., 148 Pa.
12 ; Wetter's Ap., 20 W. N. 499 ; Brick's Est., 20 W. N. 45 ;
Scheetz's Ap., 82 Pa. 213 ; Budd's Est., 2 Dist. R. 148.

The legacy of Edith Norris given by the codicil was merely
a substitutional legacy for the bequest to Cornelia Norris in the
original will, which had become inoperative by reason of her
death, and hence the substituted legacy given by the codicil is
subject to the incidents of the original legacy given by the will:
Hawkins on Wills, *306, 308 ; Roper on Legacies, 586, 604 ;
Williams on Executors, 1296 ; Johnstone v. Earl of Harrowby,
1 De G. & J. 183 ; Leacroft v. Maynard, 3 Brown's Ch. Cas.
233 ; Bristow v. Bristow, 5 Beav. 289 ; Fisher v. Brierley, 30
Beav. 267 ; Duncan v. Duncan, 27 Beav. 392 ; Shaftesbury v.
Marlborough, 7 Simons, 237 ; Overend v. Gurney, 7 Simons,
128 ; Condict v. King, 13 N. J. Eq. 381 ; Hammond v. Ham-
mond, 2 Bland, 314 ; Cordes v. Palmer, 6 Rich. Eq. 207 ; Crow-
der v. Clowes, 2 Ves. Jr. 449 ; Day v. Croft, 4 Beav. 561 ;
Cookson v. Hancock, 1 Keen, 817 ; Warwick v. Hawkins, 5
De G. & S. 482 ; Snow v. Foley, 119 Mass. 102 ; Tilden v.
Tilden, 13 Gray, 108 ; Thompson v. Churchill, 60 Vt. 371 ;
Barnes v. Hanks, 55 Vt. 317 ; Buehler & Fairlamb's Ap., 100
Pa. 385 ; Wetter's Ap., 20 W. N. 499 ; Phillips's Est., 1 Dist.
R. 311 ; Hollowbush's Est., 6 Lanc. L. R. 109 ; Chatteris v.
Young, 2 Russell, 183 ; 6 Maddock, 30 ; Theobald on Wills,
187 ; Minor v. Ferris, 22 Conn. 378.

No paper-book was filed for appellee.

OPINION BY MR. JUSTICE McCOLLUM, July 11, 1894 :
The learned auditing judge regarded the legacy to Edith

Norris as absolute and payable within one year from the death
of the testatrix, and he accordingly directed that it should be
paid to her guardian. Exceptions were filed to the adjudica-
tion, but upon argument and due consideration they were dis-
missed and it was confirmed by a divided court. The manner
in which the case was decided indicates that there was room
for disagreement respecting the questions involved in it. All
concede, however, that in the decision of the case the inten-
tion of the testatrix should govern and that it must be ascer-
tained from her will.

The legacy in question was created by a codicil made nine
years and six months after the will was executed. The terms
in which it was given clearly import an absolute bequest, and
standing alone justify the conclusion reached by the learned
auditing judge. But it is contended that the will and codicil
must be considered as one instrument and that construed as
such they show the testatrix intended the legacy to Edith
Norris as a substitute for the bequest to Cornelia Norris who
died in 1874, and as the gift to Cornelia was contingent upon
her attaining the age of twenty-one years, the gift to Edith is
subject to a like contingency. In considering this contention
it will be observed that there is no allusion in the codicil to a
bequest to Cornelia, or to her death, nor anything whatever to
indicate that the testatrix intended to annex any conditions to
the legacy which she gave to Edith. The statement in the
codicil that she had left the same amount to Mabel Ridgway
is no qualification of the gift to Edith Norris, nor will it justify
an inference that by it the testatrix meant to change in any
respect the legacy she had given in the preceding sentence.
There is no inaccuracy in the statement, because the legacy to
Mabel Ridgway was the same in amount as the legacy to Edith
Norris, but the fact that it was so did not impart to the latter
the qualities of the former. There is nothing in the will or
codicil in the nature of an expression by the testatrix of a pur-
pose to substitute the legacy in question for the legacy to Cor-
nelia Norris, or to subject it to any contingency or limitation
applicable to the bequest to Mabel Ridgway. A substitutional
legacy is ordinarily one which is given instead or place of a
prior legacy to the same person. It has all the incidents and
qualities of the precedent bequest for which it is substituted.

If two legacies of equal amount are bequeathed to the same person in the same instrument or in a will and codicil thereto, the second will be considered as substitutional unless it plainly appears that it was intended as cumulative. But there is no presumption that a legacy bequeathed in the codicil to one person is a substitute for a legacy of the same amount bequeathed in the will to another person, nor does such a presumption arise from the mere fact that the legacy given in the will lapsed by the death of the legatee nine years before the codicil was written.

Buehler and Fairlamb's Appeal, 100 Pa. 385, is cited as authority for the proposition that the legacy in question is substitutional. But we do not so regard it. In that case the testator, after providing for the payment of his debts and bequeathing a portion of his estate to his widow, devised the residue to his children and directed how the net share of each child should be ascertained. In a codicil to the will he revoked the devise to his son Robert and expressly gave his share to his wife. It was held that the mode pointed out for the ascertainment of the shares of the children was not changed by the codicil and that Robert's wife was therefore entitled to the share her husband would have received if she had not been substituted as a legatee in his stead. The decision was in strict accordance with the expressed intention of the testator that Robert's wife should have Robert's share under the will. A resemblance between the case cited and the case at bar is not discoverable.

It is conceded that the gift to the children of the testatrix of the income of the residue of her estate was subject to the legacies which she gave to Mabel Ridgway and Cornelia Norris. The payment of these legacies was not postponed during the lives of her children. They were payable when the legatees respectively attained the age of twenty-one years. If both the legatees were living they would have been entitled to and would have received their legacies before this time. In that event the income bequeathed to the children would have been impaired to the same extent that it is by the adjudication complained of. In other words the children have from the estate under this adjudication all that they could have had if Cornelia Norris had attained the age of twenty-one years, and the

codicil had not been made. These matters are referred to not as affecting the construction of the codicil but as showing the intention and expectation of the testatrix at the time she made her will.

In Wetter's Appeal, 20 W. N. 499, the whole scheme of the will looked to the gift of the entire income of the estate (except the interest for a short time on $2,000) to the testator's widow for life, and the postponement until her death or re-marriage of all legacies. In a codicil to the will he bequeathed a legacy of $2,000 in trust for a charitable purpose and it was held that this like the other legacies was postponed during her life or widowhood. It is contended that Wetter's Appeal is decisive against the adjudication in this case. We do not think so. In that case the postponement of the legacies was for the benefit of the testator's wife who was the primary object of his bounty. It was clearly the dominating purpose of the testator to secure to her the income from his estate during her life or widowhood, without any abatement or reduction, and the post-ponement of the legacy was deemed necessary in order to give effect to his manifest intention and preserve the general scheme of his will. In this case we are not prepared to say that there is anything in the will, or otherwise shown, which would jus-tify us in disregarding the plain language in which the testa-trix bequeathed to Edith Norris the legacy in question.

The specifications of error are overruled.

Decree affirmed and appeal dismissed at the cost of the ap-pellant.