## DeHaven's Estate (No. 1).

*Will—Debt by legatee—Testator—Substituted legatee—Codicil.*

Where testator gives to a legatee a share of his estate but directs a deduction from such share of any debt owing to him by the legatee, and by a codicil directs that the share which by his will he had given to the legatee, shall go to the legatee's son, the son takes the share subject to deduction of his father's debts to testator.

Argued June 1, 1903. Appeal, No. 3, May T., 1903, by Jehu DeHaven, from decree of O. C. Dauphin Co., June T., 1901, overruling exceptions to auditor's supplemental report in estate of Jehu DeHaven, Sr., deceased. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Exceptions to report of Eugene Snyder, Esq., auditor.

From the record it appears that Jehu DeHaven died testate July 11, 1898. By his last will and testament he provided inter alia as follows:

"Item. I give, devise and bequeath to my son, Frederick H. DeHaven, the house and lot of ground, No. 715 North Second street, Harrisburg, Penna., with the appurtenances thereunto belonging, to have and to hold the same to his heirs and assigns forever; I also give and bequeath to my said son, Frederick H. DeHaven, the sum of $2,000 in money. I also give and bequeath to my said son, Frederick H. DeHaven, my diamond stud."

After making certain other devises and bequests, he disposed of the residue of his estate as follows:

"Item. All the rest, residue and remainder of my estate, real, personal and mixed .of whatsoever kind or nature the same may be, or wheresoever situate, including my residence, No. 322

North Second street, Harrisburg, Penna., with its appurtenances; also all bonds, notes, stocks, life insurance, evidence of indebtedness and all other personal property whatsoever, I direct shall be converted into cash by my executors hereinafter named, and the proceeds arising therefrom, together with the cash on hand, I direct shall be equally divided among my said seven children, to-wit: Eliza, Emily, Esther, Isabella, Frederick H., Jehu and William H., share and share alike; and for the purpose of carrying this provision of my will into effect, I hereby grant unto my said executors full power and authority in the premises to do whatsoever may be needful and necessary to be done for the purposes aforesaid."

At the time this will was made, on February 5, 1885, the testator appears to have made certain advancements or loans to his children, and in order to secure equality in the distribution of his estate, he added the following provision:

" Item.   It is my will and I hereby direct that whatever sum or sums of money I have heretofore given, loaned or paid for or to any of the devisees or legatees hereinbefore named, or mentioned or which I may at any time hereafter give, loan, or pay for or to said devisees or legatees, or any of them, and which shall remain unpaid to me at the time of my decease shall be considered and treated as part of my estate, so that the said several devises and bequests hereinbefore mentioned and made, shall be subject to any loan, payment, claim or charge I may have against said several devisees and legatees, whether the same be by book account, note, bond, bill, judgment, mortgage or otherwise howsoever; and such loans, payments, claims, charges and indebtedness so due and owing to me by each of said devisees and legatees shall in the distribution of my estate be deducted."

Testator subsequently made a codicil to his will, dated June 6, 1896, in which he provided as follows:

" Second: It is my will that the share or interest in my estate, both real and personal, given, devised and bequeathed in my said will to my said son, Frederick H. DeHaven, be canceled and revoked and in lieu thereof, I give, devise and bequeath said Frederick H. DeHaven's share and interest, and devise under my said will in trust to my said son, Jehu De-Haven, he to hold the same and pay the interest, income and

rents annually thereof to my said son Frederick H. DeHaven, for the maintenance and support of himself and family, said annual interest, income and rents to be not subject in any event at any time or in any amount to the debts, contracts or liabilities of my said son Frederick H. DeHaven heretofore or hereafter incurred or contracted by him ; and from and immediately after the death of my said son, Frederick H. DeHaven, I give, devise and bequeath his share or interest in my estate as mentioned and designated in my said will to the children of my said son, Frederick H., and to their heirs and assigns forever, to be equally distributed among them, share and share alike."

Frederick H. DeHaven predeceased his father on May 11, 1898, and thereupon the testator made a second codicil to his will dated May 17, 1898, in which he provided as follows :

" Whereas, my son, Frederick H. DeHaven, has died since the making of my said will and the first codicil thereto ;

" And whereas, there is no further need for said first codicil, I do hereby cancel and entirely revoke the same and every part thereof, so that it be regarded as if it had never been made.

" Item.   I give, devise and bequeath to my grandson, Frederick Albert DeHaven, son of Frederick H. DeHaven, and to his heirs and assigns forever, all the estate, right, title, interest, property, claim and demand in and to my estate, real, personal and mixed which in my said will I have given, devised and bequeathed to his father, my said son, Frederick H. DeHaven."

The final account of the executor of the testator was confirmed absolutely July 8, 1901, and showed a balance in his hands of $9,501.76, which was referred to an auditor for distribution. This balance consisted of the proceeds of personal property and of the sale of the mansion house of the decedent, which under his will constituted part of the residue.

Before the auditor, it was claimed on behalf of the executor and certain legatees, that under the second codicil, the bequest to Frederick Albert DeHaven was subject to the same conditions, in respect of debts and advancements, as were imposed upon the legacy given to his father, under the original will.   On the other hand it was contended on behalf of the appellee that this legacy was absolute, and not subject to any conditions whatever.

The auditor decided this question in favor of the appellants.

The court below, however, reversed the auditor, and held, that so far as the second codicil referred to the specific devise and bequests, originally made to Frederick H. DeHaven, they were not subject to any deduction on account of debts, but that, in so far as it related to the residuary estate, or the interest, which Frederick Albert DeHaven might take under that clause of the will, it was subject to all the provisions of the original will.

*Errors assigned* were in overruling exceptions to supplemental report of auditor.

*Robert Snodgrass* with him *B. F. Etter*, for appellant, cited; Pigott v. Waller, 7 Vesey, 98; Linnard's App., 37 Legal Int. 165; Schott's Est., 78 Pa. 40; Budd's Est., 32 W. N. C. 218.

*C. H. Bergner*, for appellee, cited: Fry's Est., 163 Pa. 30; 1 Jarman on Wills, 357; Bonner v. Bonner, 13 Ves. 379; Chatteris v. Young, 2 Russell, 183; Early v. Benbow, 2 Collyer, 342.

OPINION BY MR. JUSTICE POTTER, October 12, 1903:

In the second codicil to the will which is before us for consideration, the testator, after reciting the death of his son Frederick H. DeHaven, proceeded to revoke absolutely the first codicil to his will, and provided as follows:

" I give, devise and bequeath to my grandson, Frederick Albert DeHaven, son of Frederick H. DeHaven, and to his heirs and assigns forever, all the estate, right, title, interest, property, claim and demand in and to my estate, real, personal and mixed, which in my said will I have given, devised and bequeathed to his father, my said son, Frederick H. DeHaven."

When the final account of the executor of the testator was filed, it showed a balance in his hands, which was referred to an auditor for distribution. This balance consisted of the proceeds of property which, under the will, constituted part of the residue of the estate.

Before the auditor, the claim was made, on behalf of the executor and certain legatees, that, under the terms of the second codicil, recited above, the bequest to Frederick Albert DeHaven was subject to the same conditions in every respect as to debts and advancements, as were imposed upon the legacy given to

his father, under the terms of the original will.   Upon the other hand it was contended on behalf of the appellee, that this legacy was absolute, and was not subject to the payment of the indebtedness of Frederick H. DeHaven to his father.   The conclusion reached by the auditor was, that the testator made no new will, as to the rights of Frederick Albert DeHaven, but that he was, by the second codicil to the will, merely substituted as a legatee, in the place of his father, Frederick H. DeHaven, and as such must take the legacy subject to all the terms and conditions of the bequests as originally made to his father.

The orphans' court, however, reversed the auditor, and decided that Frederick Albert DeHaven was entitled to the legacy of $2,000, which is in question here, without any deduction on account of the debts of his father, as provided in the original will.

Had there been no change in the will as originally drawn, there can be no question that the whole of, the estate devised and bequeathed to Frederick H. DeHaven would have been subject to the payment of any debts which he owed the testator at the time of his death.   Admittedly, these debts exceeded the amount of the legacy in question.   We are clear that the will shows the intention of the testator to treat his children with equality.   The codicil must undoubtedly be read as if written into the original instrument, and if this be done, it would subject the gift to the grandson to the same conditions as are imposed upon all other gifts under the same will.   We can discover no indication that the testator intended to make an absolute gift to his grandson, or to free the bequest to him from the requirements imposed upon all others.   The second codicil merely substitutes the name of the grandson as devisee and legatee in place of the son.   The amount and nature of the bequests to the grandson can be ascertained only by reference to the original will.   Whatever was given, devised and bequeathed in the original will to the son, Frederick H. DeHaven, was, by the second codicil, given to the grandson, Frederick Albert DeHaven.   By its plain wording, he takes no more and no less than his father would have taken had the terms of the will remained intact.   He takes precisely the share that his father would be entitled to if the son had not been substituted as a legatee in his stead; and what that is, is to be ascertained in the

mode pointed out by the will, for no change whatever in that respect is made by the language of the codicil.

We agree with the learned auditor that this case is to be governed by the reasoning in the opinion of this court in the Appeal of Buehler and Fairlamb, 100 Pa. 385, and that it was properly applied by him in his original report.

The conclusion therein reached by the auditor, that it was the intention of Jehu DeHaven to substitute Frederick Albert DeHaven to all the provisions of the will that would have governed the legacy to Frederick H. DeHaven, was correct, and should have been confirmed. Frederick Albert DeHaven is not entitled to participate in the distribution, for the reason that his father was indebted to the testator's estate in a sum largely exceeding the amount of his legacy.

Decree reversed at the cost of the appellee, and it is ordered that the recorded be remitted, with instructions to distribute the fund according to the original report of the auditor.

*Will—Debt by legatee—Testator—Substituted legatee—Codicil.*

Where testator gives to a legatee a share of his estate but directs a deduction from such share of any debt owing to him by the legatee, and by a codicil directs that the share which by his will he had given to the legatee shall go to the legatee's son, the son takes the share subject to deduction of his father's debts to testator. In such a case there is no reason for making any distinction between specific devises or bequests to the original legatee and those payable out of the residuary estate.